HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>   v.<br><br>HUUUGE, INC., a Delaware corporation,<br><br>              Defendant. | CASE NO. 18-cv-05276-RBL<br><br>ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>DKT. # 69 |

THIS MATTER is before the Court on Plaintiff Sean Wilson's Motion for Temporary Restraining Order. Dkt. # 69. The Motion arises out of a new pop-up message that Defendant Huuuge, Inc. has inserted into its casino game app. This new pop-up informs users of the app's terms of use, which include an arbitration clause. It also utilizes language very similar to a pop-up that the Court approved in a similar case because it provided instructions on opting-out of the app's terms of use, explained the rights at stake in the ongoing lawsuit, and provided contact information for the plaintiff's attorney. *See Kater v. Churchill Downs Inc.*, 423 F. Supp. 3d 1055, 1065 (W.D. Wash. 2019) (describing requirements); *Kater v. Chuchill Downs*, No. 15-cv-612, Dkt. 145 (W.D. Wash. Dec. 19, 2019) (approving defendant's revised pop-up). Huuuge's pop-up looks like this:

We have updated our Terms of Use and Privacy Policy

Huuuge Games' Terms of Use include a "Governing Law and Binding Arbitration" provision requiring individual arbitration of any dispute and waiving the right to participate in any class action lawsuit or other representative proceeding. By clicking the button below or continuing to access the game, you agree to these Terms of Use. However, you may opt out of the Governing Law and Binding Arbitration provision by mailing written notice to Huuuge within 30 days of accepting the Terms of Use. This opt-out procedure is detailed in the Terms of Use, available here. If you have questions about the legal effect of the Terms of Use, you should contact an attorney.

FOR PLAYERS IN WASHINGTON STATE ONLY: There is a pending lawsuit in federal court in Washington State relating to Huuuge Casino. This lawsuit asserts claims under Washington law, including the Recovery of Money Lost at Gambling Act and the Consumer Protection Act. The lawsuit seeks to recover the money allegedly lost while playing Huuuge Casino. Huuuge denies the claims and believes they have no merit. The court has not yet decided who is right or whether the lawsuits can proceed as class actions. The individually named plaintiff in this lawsuit is represented by attorneys at the law firm Edelson PC, who may be contacted at 800-347-5750. If you accept the Terms of Use and do not opt out of the Governing Law and Binding Arbitration provision, you cannot participate in this lawsuit, even if a class is certified.

By clicking the button below or continuing to access the game, you agree to the Terms of Use and Privacy Policy.

I AGREE TO THE TERMS OF USE

Nonetheless, Wilson challenges Huuuge's pop-up primarily on the basis that, with the ongoing COVID-19 pandemic, users should not be forced to make "complex and crucial decision[s] as to their legal rights" and "venture into unsafe public spaces in order to 'opt-out.'" Motion, Dkt. # 69, at 2. Wilson also objects to the inclusion of new choice of law and statute of limitations provisions in the terms of use and protests that the pop-up directs users to the 1-800 number that was established for separate lawsuits challenging the Big Fish Casino app.

The Court is unpersuaded that these issues justify a TRO. While the current public health situation has affected life in innumerable ways, people can still obtain postage and envelopes online (either through printing or delivery) and leave mail in an outgoing postal box. Indeed, unlike grocery shopping and other necessities, sending mail is one of the few activities that can be accommodated fairly easily during quarantine. And it is certainly not the case that the pandemic has somehow fogged people's minds to the point that they cannot make rational

decisions; if users have time to play games on their phones, they likely have time to weigh their legal rights.

As for Wilson's other concerns, they do not add up to much. To the extent that the California choice of law and statute of limitations provisions limit users' rights, Huuuge correctly points out that the pop-up already informs users that clicking "I agree" will preclude them from participating in this lawsuit. Thus, while the pop-up does not explain how each provision from the terms could affect the claims in this case, it does state the much more easily-understood bottom line. Any other impact that the terms' provisions may have on hypothetical future claims has nothing to do with Wilson's lawsuit and is thus beside the point. As for the phone number, Huuuge should consult with Wilson's counsel and devise an appropriate alternate number, but this hardly warrants judicial intervention.

In short, Huuuge's new pop-up complies with the requirements that the Court articulated in *Kater v. Churchill Downs Inc.* and Wilson's new arguments do not persuade the Court that the pop-up is likely invalid. The Motion is DENIED.

IT IS SO ORDERED.

Dated this 20th day of April, 2020.

Ronald B. Leighton
United States District Judge